NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SONNY DESPOSITO, | : | CIV. NO. 22-5828 (RMB) |
| Petitioner | : | **OPINION** |
| v. | : | |
| WARDEN, FCI FORT DIX | : | |
| Respondent | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter is before the Court upon the amended petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by Petitioner Sonny Desposito ("Petitioner") an inmate confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"), Respondent's answer in opposition to the amended petition (Dkt. No. 7); Petitioner's motion for emergent consideration (Dkt. No. 8), and Petitioner's motion for consideration. (Dkt. No. 11.)  For the reasons that follow, this Court will dismiss the amended petition and Petitioner's motions for consideration without prejudice, for failure to exhaust administrative remedies.

I.  PROCEDURAL HISTORY

On or about September 30, 2022, Petitioner filed a habeas petition under 28 U.S.C. § 2241, alleging that he was informed by a Bureau of Prisons ("BOP") staff member that he required a court order to obtain consideration of his request for the

1

maximum period of halfway house[1] placement under the Second Chance Act. (Pet., Dkt. No. 1.) The Court administratively terminated the action, subject to reopening upon Petitioner's payment of the filing fee or submission of an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (Order, Dkt. No. 2.) Petitioner paid the filing fee and submitted an amended petition on February 14, 2023. (Am. Pet., Dkt. No. 3.) Petitioner alleged that he attempted to exhaust administrative remedies, but each appeal was frivolously denied. (*Id.* ¶ 9.) Petitioner claimed the BOP violated his constitutional and statutory rights to consideration for placement in a halfway house for two years, as required under the Second Chance Act. (*Id.* ¶ 13.) Petitioner contends that, at a minimum, the Court has the power to enforce the Second Chance Act by directing the BOP to consider Petitioner's Second Chance Act application for halfway house consideration. (*Id.*)

On April 3, 2023, Respondent filed an answer to the amended petition. (Answer, Dkt. No. 7.) Respondent opposed habeas relief for two reasons: (1)

---

[1] The Second Chance Act, implemented in 18 U.S.C. § 3624(c)(1), provides:

> In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Judicial review of such halfway house placement decisions is limited to abuse of discretion. *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012).

Petitioner failed to properly exhaust administrative remedies before filing his § 2241 petition; and (2) his request for consideration of 12-months prerelease custody under the Second Chance Act was premature, because it was BOP's longstanding practice to consider such requests 17 to 19 months before an inmate's release date, and Petitioner's release date was 31 months away. (*Id.*)

Several days later, Petitioner filed a motion for emergent consideration, alleging that his First Step Act ("FSA") time credits had been calculated, which resulted in a release date of October 21, 2024. (Mot. for Emergent Consideration, Dkt. No. 8; Brief, Dkt. No. 11.) He alleged this rendered him immediately eligible for prerelease custody. (*Id.*) However, Petitioner also alleged that his FSA time credits were being withheld based on his most recent disciplinary infraction. (*Id.* at 1-2.) He believed his FSA time credits would be applied one year after his disciplinary sanction, on or about September 6, 2023. (*Id.* at 2.) Further, he had appealed the DHO decision. (*Id.* at 2-3.)

On May 11, 2023, Petitioner filed a reply to Respondent's answer. (Reply Brief, Dkt. No. 10.) Petitioner explained how an error in applying his FSA time credits had resulted in his release date remaining October 21, 2025; thus, the BOP considered his request for halfway house placement under the Second Chance Act premature. (*Id.* at 1-2.) Petitioner further argued that the Second Chance Act increased the amount of possible halfway house placement to two years, not twelve months. (*Id.*) Petitioner contended that he timely filed his administrative appeal under the prison mailbox rule, but BOP refused to accept this explanation and

3

demanded a staff memo to address the untimeliness issue instead. (Dkt. No. 10 at 4.) For relief, Petitioner sought immediate placement in a halfway house or home confinement, which he claimed entitlement to when all FSA time credits he was due were applied to his release date. (*Id.* at 3-4.) Petitioner filed another motion for consideration of his amended petition on May 15, 2023. (Mot. for Consideration, Dkt. No. 11.) Petitioner requested that the Court waive the exhaustion of administrative remedies and address the BOP's failure to restore his FSA time credits, which were temporarily disallowed. (*Id.* at 1.) Petitioner argued that BOP's administrative remedy program is structurally insufficient to provide a lawful remedy, and that BOP staff consider administrative remedies a joke. (*Id.*)

II.  **ADMINISTRATIVE REMEDY EXHAUSTION REQUIREMENT**

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion of administrative remedies is required for three reasons:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

*Id.* at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (1981) (additional citations omitted)). "[A] court may excuse a failure to exhaust where the petitioner demonstrates that exhaustion would be futile…." *Braxton v. Warden Lewisburg USP*,

No. 21-2595, 2022 WL 17176479, at *2 (3d Cir. Nov. 23, 2022) (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J. concurring)).  Where a petitioner's failure to exhaust administrative remedies deprives "the BOP of the opportunity to resolve any errors, to create an administrative record, and to provide a factual and legal basis for its decision" exhaustion is not futile.  *Clark v. Allenwood*, 665 F. App'x 136, 138 (3d Cir. 2016).  A petitioner's claim that BOP would not act on his grievance before he was released from custody did not make the administrative remedy process futile.  *Id.* (citing *Fazzini v. N.E. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006)).  The BOP must be given an opportunity to act on a petitioner's complaints.  *Id.*

### III.   BOP ADMINISTRATIVE REMEDY PROGRAM

The BOP administrative remedy program is governed by 28 C.F.R. §§ 542.10 *et seq.*  For most issues, an inmate must first attempt informal resolution with staff.  28 C.F.R. § 542.13(a).  An inmate has 20 calendar days, following the date on which the basis for the inmate's request for a remedy occurred, to submit a formal written request on a BP-9 form.  *Id.* § 542.14(a).  The regulations provide for extensions of time and guidance on completing the BP-9 form.  *Id.* § 542.14(b), (c).  If an inmate is not satisfied with the Warden's response to the BP-9 request, the inmate may appeal, on a BP-10 form, to the appropriate BOP Regional Director, within 20 calendar days of the date the Warden signed the response to the BP-9 form.  *Id.* § 542.15(a).  If an inmate is not satisfied with the Regional Director's response, an inmate may appeal

to the BOP General Counsel on a BP-11 form, within 30 calendar days of when the Regional Director signed the response to the BP-10 form. *Id.* Time limits may be extended for "valid reasons" described in § 542.14(a). *Id.* Guidance for completing the BP-10 and BP-11 forms is provided in 28 C.F.R. § 542.15(b). Inmates may obtain assistance in completing the forms, but obtaining assistance is not an excuse for untimely filing. *Id.* § 542.16(a). If a rejected form is correctable, inmates must be provided written notice and a reasonable amount of time to correct the defect. *Id.* § 542.17(a), (b). An inmate can appeal a rejection if not given an opportunity to correct the defect and resubmit the form. *Id.* § 542.17(c).

The Warden must respond to remedy requests within 20 calendar days of receipt, the Regional Director must respond to an appeal within 30 calendar days of receipt, and the General Counsel must respond to an appeal within 40 calendar days of receipt. *Id.* § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* § 542.18. The BOP program is not "structurally insufficient," as Petitioner suggests. The Court will address the specific difficulties Petitioner alleges to have encountered in exhausting his administrative remedies.

**IV. PETITIONER'S ATTEMPTS TO EXHAUST ADMINISTRATIVE REMEDIES**

On February 9, 2021, Petitioner filed Administrative Remedy ID Number

6

1068578 at FCI Fort Dix requesting "reconsideration" under the Second Chance Act. (Declaration of Jonathan Kerr, Dkt. No. 7-1, ¶ 3; Attach. 2, Dkt. No. 7-2 at 20.) On February 22, 2021, the remedy request was denied on the merits by the Warden because BOP reviews Second Chance Act requests 17-19 months prior to the inmate's release date, and Petitioner was not eligible for review until February 2024. (Pet., Dkt. No. 1 at 13.) On April 6, 2021, Petitioner appealed the Warden's denial to the BOP Northeast Regional Office; and on April 27, 2021, the appeal was rejected as untimely because it was due on March 14, 2021, and a photocopy of the BP-9 was unacceptable. (Declaration of Jonathan Kerr, Dkt. No. 7-1, ¶ 3; Attach. 2, Dkt. No. 7-2 at 21.) On May 18, 2021, Petitioner appealed the regional rejection to BOP Central Office in Washington, DC [General Counsel], and on June 8, 2021, the Central Office similarly rejected the appeal based on the original untimely appeal to the BOP Regional Office, with direction to submit a staff memo to the Regional Director to excuse the untimely filing. (Declaration of Jonathan Kerr, Dkt. No. 7-1, ¶ 3; Attach. 2, Dkt. No. 7-2 at 22.) On September 7, 2021, Petitioner again filed an appeal with the Central Office. (*Id.*) On September 23, 2021, the Central Office again rejected the remedy and advised Petitioner to provide a staff memo to explain the reason behind the late filing and resubmit to the BOP Northeast Regional Office, the level of the original rejection. (*Id.*)

**V.     DISCUSSION**

BOP provides an administrative remedy program that allows an inmate to seek relief, by complying with the proper procedures for filing at each level.

Petitioner failed to complete the procedures because he never submitted a staff memo to excuse the untimeliness of his original appeal to the BOP Regional Office. The Central Office repeatedly directed Petitioner how to remedy his rejected appeals. (Declaration of Jonathan Kerr, Dkt. No. 7-1, ¶ 3; Attach. 2, Dkt. No. 7-2 at 22.) Petitioner contends his appeal was timely filed under the prison mailbox rule. "[T]he Third Circuit has explicitly rejected the prison mailbox rule where … 'statutory or regulatory schemes ... clearly required actual receipt by a specific date.'" *Snisky v. Ortiz*, No. CV 17-7731 (RBK), 2020 WL 2520419, at *3 (D.N.J. May 18, 2020) (quoting *Fisher v. U.S. Dep't of Justice*, No. 07-2273, 2008 WL 8683024, at *3 (D.N.J. May 9, 2008) (emphasis omitted) (quoting *Longenette v. Krusing*, 322 F.3d 758, 764 (3d Cir. 2003)). An appeal to the BOP Regional Office "is considered filed on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. Thus, the prison mailbox rule is inapplicable, and Petitioner was required to obtain a staff memo to excuse his untimely filing of his appeal to the BOP Regional Director.

When Petitioner filed his motion for emergent consideration of his amended petition on April 5, 2023 (Dkt. No. 9), he presented a new claim challenging BOP's temporary withholding of FSA time credits, raising issues which were subject to the administrative exhaustion requirement. Petitioner did not allege that he exhausted administrative remedies for this new claim regarding withholding of FSA time credits..

8

In his May 15, 2023 motion for consideration, Petitioner asked the Court to waive the administrative exhaustion requirement because it is impossible to obtain relief. (Mot. for Consideration, Dkt. No. 11 at 1.) Petitioner alleged he sought relief at an informal level and was directed to file at the regional level, and he also sought assistance from the CMC Case Management Coordinator and the Warden. (*Id.* at 1-2.) Petitioner argued that the BOP simply does not know how to restore disallowed FSA time credits. (*Id.*) Petitioner has not shown that his requests were properly raised and denied at each level of administrative review. The BOP must be given the opportunity to address each claim at each level of the administrative remedy program before seeking judicial review.

The Court will dismiss the amended petition, as further amended by Petitioner's subsequent motion for emergent consideration (Dkt. No. 8) and his motion for consideration (Dkt. No. 11), without prejudice for failure to exhaust administrative remedies.

## VI. CONCLUSION

For the reasons discussed above, the Court will dismiss Petitioner's amended petition under 28 U.S.C. § 2241, as amended by his motion for emergent consideration (Dkt. No. 8), and his motion for consideration (Dkt. No. 11), without prejudice for failure to exhaust administrative remedies.

An appropriate order follows. **DATE:**

| | |
|---|---|
| **September 28, 2023** | s/Renée Marie Bumb |
| | RENÉE MARIE BUMB |
| | Chief United States District Judge |